UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSHUA JOHNSON §<br>　　Plaintiff, §<br>　　　　　　　　　　　　　　§<br>vs. §<br>　　　　　　　　　　　　　　§<br>THE WESTFIELD CORPORATION, INC., §<br>THE WESTFIELD TAX & FINANCIAL §<br>MANAGEMENT SERVICE, LLC, AND §<br>MICHAEL R. PHILLIPS §<br>　　Defendants. § | Civil Action No.<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, Joshua Johnson (hereinafter referred to as "Plaintiff"), and complains of Defendants The Westfield Corporation, Inc., The Westfield Tax & Financial Management Service, LLC, and Michael R. Phillips (hereinafter referred to as "Defendants"), and for cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. This is an action to recover unpaid minimum wages and overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Texas Minimum Wage Act ("TMWA"), TEX.LAB.CODE ANN § 62.001 *et seq.* Further, Plaintiff was retaliated against when he complained about not being paid the required minimum wage rate, 29 U.S.C. § 201 *et seq.* and TEX.LAB.CODE ANN § 62.001 *et seq.* This is also an action to recover damages due to Defendants' breach of contractual obligations.

2. This action seeks equitable relief, actual and liquidated damages, attorney's fees, taxable costs of court, and pre-judgment and post-judgment interest for Defendants' willful failure to pay minimum wage and overtime wage pursuant to 29 U.S.C. § 216(b) and TEX.LAB.CODE ANN

§ 62.001 *et seq.* to Plaintiff in the course of his employment with the Defendants.

3. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Texas Minimum Wage Act, TEX.LAB.CODE ANN § 62.001 *et seq.*

## II.
## JURISDICTION AND VENUE

4. Plaintiff brings this action to recover minimum and overtime wage compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Texas Minimum Wage Act, TEX.LAB.CODE ANN § 62.001 *et seq.*

5. This Court also has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b).

## III.
## PARTIES

7. Plaintiff, Joshua Johnson, is a resident of Harris County, Texas, who engaged in interstate commerce or in the production of goods for interstate commerce in performing his duties for Defendants.

8. Defendant The Westfield Corporation, Inc. is a validly existing Texas for-profit corporation. This Defendant may be served by serving its registered agent, Michael Phillips at 4617 Montrose Boulevard, Suite C205, Houston, Texas 77006, or at 4615 Southwest Freeway, Suite 545E, Houston, Texas 77027, or at any other address where it may be found. Defendant The Westfield Corporation, Inc. is an entity engaged in interstate commerce or in the production of goods for interstate commerce.

9. Defendant The Westfield Tax & Financial Management Service, LLC is a forfeited Texas limited liability company. This Defendant may be served by serving its registered agent,

The Westfield Tax & Financial Management Service, LLC at 4615 Southwest Freeway, Suite 545E, Houston, Texas 77027, or at any other address where it may be found. Defendant The Westfield Tax & Financial Management Service, LLC is an entity engaged in interstate commerce or in the production of goods for interstate commerce.

10. Defendant Michael R. Phillips is an individual who may be served with summons and complaint at his residence located at 12731 Water Oak Drive, Missouri City, Texas 77489, or at his place of business at 4615 Southwest Freeway, Suite 545E, Houston, Texas 77027, or at any other address where he may be found. Defendant Michael R. Phillips is an individual engaged in interstate commerce or in the production of goods for interstate commerce as an employer. He has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

## IV.
## FACTS

11. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

12. At all times relevant to this action, Defendants has been subject to the requirements of the FLSA and TMWA.

13. For purposes of this action related to violations of the FLSA and TMWA, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

14. For purposes of this action related to Defendants' breach of contractual obligation to Plaintiff, the "relevant period" is defined as such period commencing on July 27, 2015 until the present.

15. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or

employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

16. At all material times, the Defendants were an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the TMWA, TEX.LAB.CODE ANN § 62.002.

17. At all material times, the Defendants have been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

18. At all material times, the Defendants have been an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA because it had employees engaged in interstate commerce and it engaged in activities that constitute being engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

19. At all material times, Plaintiff was an employee who was engaged in interstate commerce or in the production of goods for interstate commerce as required by 29 U.S.C. §§ 206-207.

20. Defendants provide financial management and tax preparation services in the greater Houston area.

21. Defendants are involved in setting company policies of the business.

22. Defendants hired, fired, disciplined and set the schedule of Plaintiff.

23. Defendants had the authority to set pay rates of their employees including Plaintiff.

24. Defendants had the authority to direct and supervise the work of their employees including Plaintiff.

25. Defendants had the authority to make decisions regarding employee compensation.

26. Defendants had the authority to sign on such business' checking accounts, including payroll accounts.

27. Defendants set the hours of Plaintiff.

28. Defendants employed Plaintiff as a non-exempt Operations Manager from on or about July 27, 2015 until February 2, 2016.

29. Defendants agreed to pay Plaintiff a salary of $50,000.00 per year, with a $5,000.00 bonus. However, Plaintiff was only ever compensated a total of $2,023.00, for over six (6) months of employment with Defendants.

30. Plaintiff worked an average of well over forty (40) hours per workweek during his employment with the Defendants. In fact, Plaintiff routinely worked fifty (50) to sixty (60) hours or more per week.

31. Defendants did not provide proper minimum wage compensation for all hours Plaintiff worked, nor overtime compensation for the hours Plaintiff worked over forty (40) in a workweek.

32. Specifically, Defendants did not pay Plaintiff time and a half of his regular rate of pay for hours worked over forty (40) in a workweek.

33. In addition, Defendants have not compensated for the majority of hours worked by Plaintiff over a six (6) month period.

34. Defendants did not comply with the provisions of the verbal contract they entered into with Plaintiff regarding how much his pay would be and how much he would receive as a bonus. Many times over the course of Plaintiff's employment, Defendants paid Plaintiff less than the full amount of money owed and promised in the contract.

35. Plaintiff is a non-exempt employee.

36. Plaintiff did not use independent judgment and discretion with respect to matters of

significance.

37. Plaintiff did not have the authority to hire, fire, discipline or promote employees.

38. Plaintiff did not have the authority to set or adjust pay rates for employees.

39. Plaintiff did not have the authority to decide other employees' work schedules.

40. Plaintiff did not have the authority to evaluate and/or review other employees' work performances.

41. During his hours worked for Defendants, Plaintiff performed the function of his job, which includes the performance of duties typically performed by "hourly" paid non-exempt employees because the job required it, and the Defendants' management demanded it.

## V.
## CLAIM FOR RELIEF

42. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

**A.  Unpaid minimum wage compensation, unpaid overtime compensation, and retaliation under the TMWA and the FLSA**

43. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

44. Plaintiff is considered a non-exempt employee.

45. Plaintiff is entitled to receive minimum wage for all hours worked.

46. During his employment with the Defendants, Plaintiff was routinely not compensated for work he performed.

47. Defendants violated 29 U.S.C. § 201 *et seq*. and TEX.LAB.CODE ANN § 62.001 *et seq.* by failing to pay Plaintiff minimum wage for all hours he worked.

48. Plaintiff is entitled to receive overtime pay for all hours he has worked in excess of

forty (40) hours a week during each seven-day workweek.

49. Defendants did not pay Plaintiff his entitled pay (including overtime pay) for those hours worked in excess of forty (40) hours per week.

50. Defendants have violated the FLSA, by failing to pay Plaintiff overtime pay for all hours worked in excess of forty (40) hours per week.

51. Defendants have not made a good faith effort to comply with the FLSA and TMWA, and have thus violated the requirements of the federal and state statutes.

52. Defendants do not possess a complete, accurate and contemporaneous record of the number of hours worked per workweek by Plaintiff.

53. Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

54. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern and practice regarding minimum wage and overtime compensation due to Plaintiff.

55. Plaintiff seeks an amount of back-pay equal to the unpaid minimum wage and overtime wages owed to him.

56. Plaintiff also seeks an additional equal amount as liquidated damages, and reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b) and TEX.LAB.CODE ANN §§ 62.201, 62.205, along with pre-judgment and post-judgment interest at the highest rate allowed by law.

57. Soon after Plaintiff reported the wage discrepancy to Defendants, instead of correcting it, he was terminated and physically assaulted. This retaliation violates both the FLSA, 29 U.S.C. § 201 *et seq.*, and the TMWA, TEX.LAB.CODE ANN § 62.001 *et seq.*

**B.    Breach of Contract**

58. Defendants agreed to pay Plaintiff $50,000.00 per year, with a $5,000.00 bonus.

59. Plaintiff worked at least forty (40) hours per week for over six (6) months during his

employment with Defendants, and only received $2,023.00 in total compensation.

60. Defendants did not compensate Plaintiff for his employment as they had agreed.

61. Defendants did not comply with the provisions of the verbal contract they entered into with Plaintiff regarding how much his pay would be and how much he would be paid for his bonus. Many times over the course of Plaintiff's employment, Defendants paid Plaintiff less than the full amount of money owed and promised in the contract.

62. Defendants breached their agreement with Plaintiff and Plaintiff has suffered damages as a result.

## VI.
## ATTORNEY'S FEES

63. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

64. Plaintiff is entitled to recover attorney's fees and costs for prosecuting this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and TEX.LAB.CODE ANN § 62.205.

65. Plaintiff also requests an award of reasonable and necessary attorneys' fees and costs, which are authorized under § 38.001, et al of the Texas Civil Practice & Remedies Code.

## VII.
## JURY DEMAND

66. Plaintiff makes a formal demand for a jury trial in this matter.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Joshua Johnson respectfully requests that upon final hearing, the Court grant him relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 206, 207, and/or 215, by failing to pay Plaintiff overtime pay at one and one-half times his regular hourly rates of pay for all hours in excess of forty (40) hours worked during each seven-day workweek, and the Texas Minimum Wage Act, TEX.LAB.CODE ANN § 62.051, by failing to pay Plaintiff minimum wage for all hours worked;

b. Order Defendants to pay Plaintiff the difference between (i) what Defendants should have paid Plaintiff for all hours worked during the relevant period, including overtime hours worked during the relevant period, and (ii) what Plaintiff was actually paid for those hours worked.

c. Order Defendants to pay an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and TEX.LAB.CODE ANN § 62.201.

d. Order Defendants to pay Plaintiff's reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b), TEX.LAB.CODE ANN § 62.205, and § 38.001, et al of the Texas Civil Practice & Remedies Code.

e. Order Defendants to pay Plaintiff damages as a result of Defendants breaching their contractual obligations.

f. Order Defendants to pay pre-judgment and post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants; and

g. Order all further relief, whether legal, equitable or injunctive, as necessary to grant Plaintiff full relief to which he may be entitled under the law.

Respectfully submitted,

**GARCIA-MARTIN & MARTIN, P.C.**

By: /s/ Lionel Martin
    Lionel Martin
    Texas State Bar No. 24037032
    Federal I.D. No. 31342
    Lmartin@mgmartinlaw.com

    12946 S. Dairy Ashford Road
    Suite 220
    Sugar Land, Texas 77478
    Tel: (281) 277-3066
    Fax: (281) 277-3067

    *Attorneys for Plaintiff Joshua Johnson*

**OF COUNSEL:**

**GARCIA-MARTIN & MARTIN, P.C.**

Melissa Garcia-Martin
Federal I.D. No. 38613
Texas State Bar No. 24039035
mmartin@mgmartinlaw.com

12946 S. Dairy Ashford Road
Suite 220
Sugar Land, Texas 77478
Tel: (281) 277-3066
Fax: (281) 277-3067